540 P.2d 1268

The STATE of Arizona, Appellee,

v.

Ted WILSON and Terry Masar, Appellants.

No. 2 CA–CR 489.

Court of Appeals of Arizona, Division 2.

Oct. 8, 1975.

Bruce E. Babbitt, Atty. Gen., by Jack L. Lansdale, Jr., Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender, by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellants.

OPINION

HATHAWAY, Judge.

Appellants were convicted of possession of marijuana in violation of A.R.S. § 36–

1002.05 and of transportation of marijuana in violation of § 36–1002.07. Appellant Wilson was given five years probation and a one thousand dollar fine, while appellant Masar was placed on probation for two years. Six points of error are alleged on appeal, only one of which has merit, namely the denial of appellants' motion to suppress.

Appellants were arrested and tried together with a third person, Jeffrey Cross, not involved in this appeal. At the motion to suppress hearing, counsel for Cross challenged the search warrant on the ground that the magistrate who issued the warrant did so at noon and it was not executed until almost midnight that day.

A.R.S. § 13–1447 states:

"Upon a showing of good cause therefor, the magistrate may, in his discretion insert a direction in the warrant that it may be served at any time of the day or night. In the absence of such a direction, the warrant may be served only in the daytime. For the purposes of this section night is defined as the period from ten p. m. to six-thirty a. m."

The warrant in the instant case does not direct execution in the nighttime. The aversion to nighttime searches throughout the ages is well known. *U. S. ex rel. Boyance v. Meyers,* 398 F.2d 896 (3rd Cir. 1968) ; *State v. Dudgeon,* 13 Ariz.App. 464, 477 P.2d 750 (1970), a case of this court involving the same problem but dealing with A.R.S. § 13–1447 before its 1970 amendment. Furthermore, not only is there no "direction" as required by A.R.S. § 13–1447, but the affidavit does not satisfy the requirement of "good cause" to support an exercise of the magistrate's discretion.

Appellee meets this problem by maintaining the point was not preserved for appeal by appellants' counsel since that argument was made by counsel for Cross. This has no merit because the transcript of the hearing on the motions to suppress clearly shows that all three attorneys joined in each other's motions and arguments. There is little sense in having all three attorneys reiterate the arguments made by their colleagues. We cannot sanction wasting the time of the trial court when the attorneys involved can agree to rely on each other's arguments for the sake of streamlining the judicial process. The point was preserved for appeal and the lack of a showing by the state to justify the nighttime search forces us to say that the motion to suppress should have been granted.

Reversed.

HOWARD, C. J., and KRUCKER, J., concur.