571 P.2d 266

**STATE of Arizona, Appellee,**

v.

**Patricia Rene JACKSON, Appellant.**

No. 3879.

Supreme Court of Arizona,
In Banc.

Oct. 24, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

Eugene A. Burdick, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant, Patricia Rene Jackson, was convicted of possession of marijuana, A.R.S. § 36–1002.05. Sentence was suspended and she was placed on probation for two years, a condition of which was the reimbursement of attorney's fees in the amount of $350. A timely notice of appeal was filed and we have jurisdiction pursuant to 17A A.R.S., Rules of the Supreme Court, Rule 47(e)(5).

The appellant raised one question in her appeal:

Did the magistrate abuse his discretion in authorizing a nighttime search?

A search warrant was obtained for the search of the premises occupied by appellant and Peggy and Wendy Tremble. The warrant was executed at 11:05 p.m. Included in the fruits of the search were 7.1 grams of marijuana found in a locked jewelry box which was in appellant's bedroom. Appellant and Peggy and Wendy Tremble were arrested and charged with possession of marijuana. Following a preliminary hearing, appellant and the co-defendants were bound over to Superior Court for trial. They all entered not guilty pleas. Prior to trial, appellant filed a motion to suppress as evidence the marijuana found in her bedroom, contending that the search and seizure was illegal. After a hearing, the trial court denied the motion. The appellant then waived her right to a jury trial and agreed to submit the question of guilt or innocence to the trial court on the basis of the police report and the preliminary hearing transcript.

*Nighttime Search*

The search warrant contained a direction that it could be served at any time of the day or night. The warrant was served at night. The appellant contends that the affidavit for the search warrant was not sufficient to support a nighttime search.

Historically there has been a strong aversion to nighttime searches (*Jones v. U. S.*, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958); *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *State v. Wilson*, 25 Ariz.App. 49, 540 P.2d 1268 (1975)). This was embodied in A.R.S. § 13–1447, prior to the 1970 amendment. The statute, as adopted in 1901, provided:

"The magistrate shall insert a direction in the warrant that it be served in the day time, unless the affidavits are positive that the property is on the person of the party, or in the place to be searched, in which case he may insert a direction that the warrant be served at any time of the day or night."

In 1970, this statute was amended to provide:

"§ 13–1447. Time of service; exception

"Upon a showing of good cause therefor, the magistrate may, in his discretion insert a direction in the warrant that it may be served at any time of the day or night. In the absence of such a direction, the warrant may be served only in the daytime. For the purposes of this section night is defined as the period from ten p.m. to six-thirty a.m. As amended Laws 1970, Ch. 59, § 5; Laws 1971, Ch. 152, § 6."

Appellant contends that the affidavit for the search warrant was not sufficient to support a finding of good cause for a nighttime search. The affidavit provided in part:

"Between the dates March 2 and March 4, 1976, the affiant (or affiant's fellow officer) received information from a _____ (confidential informant). This information was as follows:

"That PAT, N/F, 20 years, 5'8", 120 lbs., black hair, brown eyes, light complexion, DIANE, N/F, 23 years, 5'8", 130 lbs., black hair, brown eyes, PEGGY, N/F, 19 years, 5'7", 125 lbs., black hair, brown eyes and a N/M, 24 years, 5'9", 160 lbs., long black afro, combed back, are in possession of a useable amount of marijuana both on their persons and inside the residence described as 1841 West Darrell Road, the second house from 19th Avenue, on the south side of Darrell Road, being a tan stucco structure, with brown trim, and the front door facing north. Also that PAT, N/F, 20 years, DIANE, N/F, 23 years, PEGGY, N/F, 19 years and a N/M, 24 years (all described above) are selling marijuana to persons in the Phoenix, Arizona area during all times of the day and night from the residence described as 1841 West Darrell Road (described above).

\*　　\*　　\*　　\*　　\*　　\*

"Affiant believes that the following information demonstrates good cause for permitting this warrant to be served between 10:00 p.m. and 6:30 a.m.

"Due to the nature of the contraband, affiant feels that the contraband may become nonexistent through sale, transfer or consumption, as the described subjects, PAT, N/F, 20 years, DIANE, N/F, 23 years, PEGGY, N/F, 19 years and a N/M, 24 years (as described previously), living at 1841 West Darrell Road, the second house from 19th Avenue on the south side of Darrell Road, being a tan stucco structure, with brown trim, and the front door facing north, are selling marijuana during all hours of the day and night. Therefore, to insure the seizure of the contraband and to minimize the hazards to the officers as well as the listed subjects, as previously described, this warrant should be served at the most opportune time."

It is appellant's position that the "good cause" required by the statute is a showing beyond the probable cause necessary to justify the search itself and that specific and particular facts must be stated to justify a nighttime search.

**122**

The original A.R.S. § 13–1447 and the 1970 amendment were taken from statutes of the State of California. We, therefore, look to decisions of the California courts. Decisions from the state of adoption are persuasive. *City of Phoenix v. Superior Court, County of Maricopa*, 109 Ariz. 533, 514 P.2d 454 (1973).

The California courts have held that it is not necessary to insert in the affidavit for a nighttime search warrant a separate statement as to "good cause." *People v. Walker*, 250 Cal.App.2d 214, 58 Cal.Rptr. 495 (1967). We agree with this position.

The crucial question is whether the affidavit, as a whole, is sufficient to support a finding of "good cause." Again turning to the construction given the statute by the California courts, we find that in *Solis v. Superior Court of Monterey County*, 63 Cal.2d 774, 48 Cal.Rptr. 169, 408 P.2d 945 (1966), the commonsense knowledge that drug sales are likely at night was found to be good cause. Further, in *People v. Mardian*, 47 Cal.App.3d 16, 121 Cal.Rptr. 269 (1975), it was held:

> ". . . if the affidavit, read in a common sense manner and as a whole reasonably supports the inference that the interests of justice are best served by the authorization of nighttime service, provision for such service in the warrant is proper." (Citations omitted.) 47 Cal. App.3d 35, 121 Cal.Rptr. 281.

Rule 41(c), Federal Rules of Criminal Procedure, is similar to our statute and provides:

> ". . . The warrant shall be served in the daytime, unless the issuing authority, by appropriate provision in the warrant, and for reasonable cause shown, authorized its execution at times other than daytime. . . ."

The Court of Appeals for the 5th Circuit, in *U. S. v. Curry*, 530 F.2d 636 (5th Cir., 1976) held:

> ". . . of course probable cause must be shown for the issuance of the warrant, but beyond that the only requirement is that there be cause for carrying on the unusual nighttime arrest or search that, upon showing made, convinces the magistrate that it is reasonable. Finding that the evidence before the magistrate here met this requirement, we do not consider it necessary or appropriate to attempt to delineate the precise boundaries that are covered by this language in the Rule." 530 F.2d at 637–38.

In the instant case, the "reasonable cause" presented to the magistrate was that the appellant and the co-defendants were selling marijuana during all times of the day and night from the residence to be searched. We believe that the magistrate did not abuse his discretion in deciding that this was sufficient "reasonable cause" to justify a nighttime search.

Appellant also asserts that the showing of good cause necessary for a nighttime warrant also must satisfy the separate two-pronged test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We find no merit in this contention. Probable cause was shown for the issuance of a search warrant. All that is required for a nighttime search is that it is reasonable.

Having reviewed the entire record and finding no reversible error, we affirm the judgment.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.