[Crim. No. 3079. Fifth Dist. Nov. 30, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID GLENN WATSON, Defendant and Appellant.

**COUNSEL**

Charles B. Flood III, Public Defender, and Mark E. Cutler, Deputy Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Charles P. Just, W. Scott Thorpe and Emry J. Allen, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

FRANSON, J.—Appellant appeals from a judgment of conviction of unlawful possession of marijuana, following denial of a Penal Code section 1538.5 motion to suppress evidence. The sole issue is whether "good cause" was shown to the magistrate to support a direction for night service of a search warrant as authorized by Penal Code section 1533. We hold under the circumstances of this case that good cause was not shown. We also define the proper standard to be used by a magistrate in determining the existence of good cause for night service of a search warrant. Finally, we hold that the good cause must be set forth in affidavit form the same as the showing for probable cause to issue the warrant under Penal Code sections 1525 and 1526.

## FACTS

The evidence shows that Richard Grossman, police agent for the City of Visalia, served a search warrant on appellant at his residence on February 24, 1975. The warrant was served at 10:13 p.m. The search resulted in the seizure of nine lids and two plastic bags of marijuana.

The search warrant had been endorsed by the issuing magistrate for night service. The affidavit supporting the warrant was executed by Officer Grossman and showed probable cause to believe that appellant was in possession of marijuana at his residence: he had alleged that a controlled sale had been made by appellant in the house a few days before and that other marijuana had been observed in the residence. The affidavit, however, did not specify whether the sale had been during the day or at night.

Agent Grossman testified that in addition to the information contained in the affidavit he told the magistrate that night service was desired because appellant worked and didn't get home until "late at night." He explained to the magistrate that appellant did not get home until "6:00 or after" and that appellant was not always present at his house.

On cross-examination, Grossman acknowledged that he had no information which would indicate that whatever marijuana was in appellant's house the evening of February 24 would not be there the next morning. No further information was given to the magistrate before the direction for night service was endorsed on the warrant.

## DISCUSSION

■ We begin with the fundamental premise that a search of a person's home is a drastic intrusion upon the personal rights of the homeowner. For this reason, statutes regulating the use of search warrants are to be liberally construed in favor of the individual. (*Sgro* v. *United States* (1932) 287 U.S. 206, 210 [77 L.Ed. 260, 262-263, 53 S.Ct. 138, 85 A.L.R. 108].) Thus, a daytime service of a search warrant is preferred to night service, and where a statute authorizes night service when certain requirements are met, the warrant must conform to the statutory requirements in every material detail. (*People* v. *Mills* (1967) 251 Cal.App.2d 420, 422 [59 Cal.Rptr. 489]; *King* v. *United States* (4th Cir. 1960) 282 F.2d 398, 399-400.)

Penal Code section 1533 provides: "Upon a showing of *good cause,* the magistrate may, in his discretion, insert a direction in a search warrant that it may be served at any time of the day or night. In the absence of such a direction, the warrant shall be served only between the hours of 7 o'clock a.m. and 10 o'clock p.m." (Italics added.)

In *Solis* v. *Superior Court* (1966) 63 Cal.2d 774 [48 Cal.Rptr. 169, 408 P.2d 945], our Supreme Court gave a broad and rather loose interpretation to the "good cause" requirement of section 1533. In that case a nighttime search of known heroin dealers who had engaged in a pattern of continuous narcotics activity was upheld even though the affidavit supporting the search warrant contained no specific facts which would justify the nighttime service. The Supreme Court made the following observations:

"It is common knowledge, at least to those engaged in law enforcement, that heroin is the most dangerous of the illicit drugs; that heroin pushers are among the most dangerous of drug peddlers; and that heroin pushers are as active at night as during the day and probably more so.

"Accordingly, in view of the nature of the contraband, the affidavit shows good cause for issuance of a warrant that could be served during either the daytime or the nighttime, and in issuing such a warrant the magistrate did not abuse his discretion." (*Id.,* at pp. 776-777.) ▪ The Attorney General argues that *Solis* is dispositive of the present case because the affidavit of Officer Grossman showed that prior narcotic (marijuana) activity had taken place at appellant's house. He contends that this allegation standing alone is sufficient to support the magistrate's exercise of discretion in directing a night search.

Apart from the fact that marijuana is distinguishable from heroin insofar as its dangerous propensities, we nevertheless are concerned with the standard expressed in *Solis* for determining the existence of good cause for night service of a warrant. Arguably, such a standard would authorize a night service in any narcotic case where there has been prior narcotic activity in the place to be searched.

Recognizing that it is not our province to criticize a holding of our high court, we nevertheless are compelled to suggest that if *Solis* were before that court today, it would be decided differently. This prediction is based on the subsequent reasoning of our Supreme Court in *People* v. *Gastelo* (1967) 67 Cal.2d 586 [63 Cal.Rptr. 10, 432 P.2d 706], which

involved the interpretation of Penal Code section 1531 in the light of Fourth Amendment standards of reasonableness in making forcible entry to execute a search warrant. In that case, the court was faced with a contention of the Attorney General that an unannounced forcible entry to execute a search warrant is always reasonable in narcotics cases because "narcotics violators normally are on the alert to destroy the easily disposable evidence quickly at the first sign of an officer's presence." (*Id.*, p. 588.) The Supreme Court summarily rejected this contention and stated:

"Neither this court nor the United States Supreme Court has held that unannounced forcible entries may be authorized by a blanket rule based on the type of crime or evidence involved.

". . . . . . . . . . . . . . . .

"Thus we have excused compliance with the statute in accordance with established common law exceptions to the notice and demand requirements on the basis of the specific facts involved. No such basis exists for nullifying the statute in all narcotics cases, and, by logical extension, in all other cases involving easily disposable evidence. The statute does not contain the seeds for such far-reaching self-destruction.

"Under the Fourth Amendment, a specific showing must always be made to justify any kind of police action tending to disturb the security of the people in their homes. Unannounced forcible entry is in itself a serious disturbance of that security and cannot be justified on a blanket basis. Otherwise the constitutional test of reasonableness would turn only on practical expediency, and the amendment's primary safeguard—the requirement of particularity—would be lost. Just as the police must have sufficiently particular reason to enter at all, so must they have some particular reason to enter in the manner chosen. . . ." (*Id.*)

By clear analogy, we believe that the reasoning of *Gastelo* is applicable to the exercise of discretion by a magistrate in directing a night service of a search warrant under Penal Code section 1533. Because a night service of a warrant is a more serious invasion of the security of a home than a daytime service, the magistrate's exercise of discretion cannot be based solely on the nature of the contraband to be seized or the type of crime involved. Such a generalized rule would be repugnant to the Fourth Amendment requirement of particularity of reasons to justify the violation of the right to privacy.

All of the reported decisions since *Solis* upholding a night service of search warrants have contained affidavits setting forth some facts justifying such service. For example, in *People* v. *Grant* (1969) 1 Cal.App.3d 563 [81 Cal.Rptr. 812], *People* v. *Aguilar* (1966) 240 Cal.App.2d 502 [49 Cal.Rptr. 584], and *People* v. *Govea* (1965) 235 Cal.App.2d 285 [45 Cal.Rptr. 253], the affidavits allege prior narcotics sales at night, thus implying that the contraband might not be there the next morning. In *People* v. *Walker* (1967) 250 Cal.App.2d 214 [58 Cal.Rptr. 495], the affidavit alleged that the defendant was not home during the day and frequently took the contraband with him. In *People* v. *Mardian* (1975) 47 Cal.App.3d 16 [121 Cal.Rptr. 269], the affidavit alleged that defendant was in the process of moving the contraband and would be leaving at 6 a.m. the following morning. In *Galena* v. *Municipal Court* (1965) 237 Cal.App.2d 581 [47 Cal.Rptr. 88], the easy disposability of the stolen contraband coupled with the arrest on that day of two persons connected with the contraband was held to be good cause for night service. It also is important to note that most of these cases were decided before 1970. In that year Penal Code section 1533 was amended, changing "in the daytime" to "between the hours of 7 o'clock a.m. and 10 o'clock p.m." Service allowed during the daytime search was thus extended several hours in the evening. For this reason, the defendant's daytime employment in *People* v. *Walker, supra,* 250 Cal.App.2d 214 was sufficient reason to authorize night service. The warrant was executed at 6 p.m. on December 2, a nighttime search under the old law but a daytime search after 1970. Under the new law, the magistrate would not have had to find good cause for a search at that hour.

We conclude that the proper standard for "good cause" as specified in Penal Code section 1533 is as follows: the affidavit furnished the magistrate must set forth specific facts which show a necessity for service of the warrant at night rather than between the hours of 7 a.m. and 10 p.m. This means that the magistrate must be informed of facts from which it reasonably may be concluded that the contraband to be seized will not be in the place to be searched during the hours of 7 a.m. to 10 p.m.

That law enforcement agencies should not be startled by our holding is evident from the manual on search warrants published jointly in June 1977 by the California District Attorneys Association and the Los Angeles County District Attorney's office wherein, after discussing *Solis* v. *Superior Court, supra,* the following is stated: "In the interest of caution, an affidavit in a heroin case should contain some additional

facts justifying a nighttime search, such as narcotics activity in the nighttime hours. A reviewing court might no longer approve a nighttime search based on 'general propensities' of heroin dealers, since general propensities have been held insufficient to justify noncompliance with Penal Code Section 844. *People* v. *De Santiago* (1969) 71 Cal.2d 18 [76 Cal.Rptr. 809, 453 P.2d 353]."

■ Applying the correct standard to the present case, it becomes abundantly clear that Officer Grossman did not show good cause for a night search. The only justification shown was that appellant would not be home before 6 p.m. No reason is shown why the warrant could not be served after 6 p.m. and before 10 p.m. nor why the warrant could not have been served after 7 a.m. the next morning. As previously noted, Officer Grossman acknowledged that he had no information indicating that the contraband would not still be there the next morning.

■ A final question arises: must the good cause for night service be set forth in affidavit or sworn statement form as is required for the showing of probable cause to issue the warrant (Pen. Code, §§ 1525 and 1526) or should unsworn oral statements to the magistrate suffice? We conclude that the showing of good cause must be contained either in the affidavits or sworn statements to the magistrate.[1]

Although Penal Code section 1533 as presently written does not expressly require the information pertaining to good cause be in affidavit form, we note that the statute as originally enacted in 1851 provided: "The magistrate must insert a direction in the warrant that it be served in the daytime, unless *the affidavits* are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night." (Italics added.) Thus, it is clear that the Legislature intended that the facts justifying a night service be in the affidavits supporting the issuance of the warrant.

---

[1] Penal Code section 1526 provides in pertinent part: "(a) The magistrate may, before issuing the warrant, examine on oath the person seeking the warrant and any witnesses he may produce, and must take his affidavit or their affidavits in writing, and cause same to be subscribed by the party or parties making same. (b) In lieu of the written affidavit required in subdivision (a), the magistrate may take an oral statement under oath which shall be recorded and transcribed. The transcribed statement shall be deemed to be an affidavit for the purposes of this chapter. In such cases, the recording of the sworn oral statement and the transcribed statement shall be certified by the magistrate receiving it and shall be filed with the clerk of the court. . . ."

The alternative procedure provided by Penal Code section 1526, subdivision (b) should also apply to the showing of good cause for night service of a warrant.

In 1961 section 1533 was rewritten to provide that a direction for a night service could be made by the magistrate only upon a showing of "good cause." The obvious reason for the 1961 amendment was to eliminate the magistrate's authority to direct a night service on the mere showing that the property to be seized was on the person or in the place to be searched. Given this concern for night service of search warrants and given the explicit legislative direction that the probable cause for the issuance of the warrant be in affidavit form (Pen. Code, §§ 1525 and 1526), it is only reasonable to conclude that the Legislature also intended that the facts showing good cause be in affidavit form. (See Krause, Cal. Search and Seizure Practice (Cont.Ed.Bar 1974) § 3.13.)

The efficient administration of justice is furthered by such a rule. It provides a record for judicial review of the magistrate's exercise of discretion in directing a night service. It also avoids the necessity of having the issuing magistrate appear and testify in another court proceeding when the propriety of the night service is challenged, as in the present case.

For the reasons expressed, we hold that unsworn oral statements by police officers to the issuing magistrate will not support a direction for night service of a search warrant.

The judgment is reversed. The trial court is directed to grant appellant's motion to suppress the marijuana seized pursuant to the search warrant.

Brown (G. A.), P. J., and Hopper, J., concurred.

A petition for a rehearing was denied December 23, 1977, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied January 26, 1978. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.