662 P.2d 1028

In the Matter of the Contravention of Search Warrants C-419847 and C-419848, Donald E. GREEHLING, Charlotte J. Greehling; Dun Ler Enterprises, Inc., d/b/a Ace Auto Parts, Petitioners-Appellants,

v.

STATE of Arizona, Respondent-Appellee.

No. 1 CA–CIV 5806.

Court of Appeals of Arizona, Division 1, Department A.

May 25, 1982.

Rehearing Denied Aug. 6, 1982.

Review Granted Sept. 16, 1982.

Thomas A. Thinnes, P.A. by Thomas A. Thinnes, Eleanor L. Miller, Phoenix, for petitioners-appellants.

Robert K. Corbin, Atty. Gen. by Jessica Gifford, Frank Dawley, Asst. Attys. Gen., Phoenix, for respondent-appellee.

OPINION

OGG, Presiding Judge.

The dispositive issue in this appeal is whether this court has jurisdiction to hear a direct appeal from an order denying relief under A.R.S. § 13–3922.

The appellants filed a pleading labeled a "Motion For Return of Property" with the Maricopa County Superior Court on October 3, 1980. The motion controverted the grounds for the issuance of two search warrants and requested that the property seized pursuant to the search warrants be restored to the appellants under the provisions of A.R.S. § 13–3922. This pertinent statute is codified in the Arizona Criminal Code, 5A A.R.S., Art. 8, Search Warrant, § 13–3922, which reads as follows:

If the grounds on which the warrant was issued are controverted, the magistrate shall proceed to take testimony relative thereto. The testimony given by each witness shall be reduced to writing and certified by the magistrate. If it appears that the property taken is not the same as that described in the warrant, or that probable cause does not exist for believing the items were subject to seizure, the magistrate shall cause the property to be restored to the person from whom it was taken, provided that the property is not such that its possession would constitute a criminal offense.

On December 9, 1980, the superior court judge, after studying the memoranda and conducting a hearing, entered an order "that the motion for return of property and contravention of the issued search warrants is denied." The appellants have filed this appeal from the denial of appellants' motion.

The underlying facts of this appeal begin with the issuance of two Maricopa County Superior Court search warrants which authorized the search of the premises at 11346 E. Adobe Road, Apache Junction, Arizona,

and the premises at Ace Auto Parts, 120 S. Extension, Mesa, Arizona. The appellants had an ownership interest in both premises. The warrants were executed over a four day period and a vast number of items were seized. The appellants place a value in excess of one million dollars on the impounded property. The items ranged from intact automobiles to dismantled automobiles and hundreds of various automobile parts. Titles, ledgers and business records were also seized as well as a photograph, a camera case and a set of golf clubs.

At the time of the oral arguments in this court, no formal criminal charges had been filed against the appellants.

The appellants contend that the property seized was not described in the warrants and that there was no probable cause to believe the items were subject to seizure. The appellants therefore reason that the trial court erred in denying the motion under A.R.S. § 13–3922 for a return of the seized property.

It is the state's position that the affidavits for search warrant gave the trial court a sound basis for the issuance of the warrants. The affidavits indicate that the appellants were using the subject premises to dismantle stolen automobiles and were selling the parts through commercial outlets. The affidavit relative to the premises at Ace Auto Parts indicates that the appellants "are engaging on a continuing basis in conduct which violates the following provisions of Arizona law: Filing a Fraudulent Insurance Claim (44–1220), Tax Evasion, Possession of Altered Property (13–2306), Possession of Stolen Property (13–1802–A–1), Trafficking in Stolen Property (13–2307), Aid and Abet Perjury (13–301, 302, 303, 2702), Illegal Control of an Enterprise (13–2312–A), Illegally Conducting an Enterprise (13–2312–B), Extortion (13–1804–A–4) and Leading Organized Crime (13–2308)."

The warrant issued for the Adobe Road premises alleged that the premises were being used for the "Possession of Stolen Property and Dismantling Motor Vehicles Without a License."

The state relied on the presumption of the validity of the warrants and the failure of the appellants to show they were not valid. *See State v. Superior Court,* 129 Ariz. 156, 629 P.2d 992 (1981); *State v. Warren,* 121 Ariz. 306, 589 P.2d 1338 (App. 1978). The trial court appears to have relied upon the validity of the warrants and the failure of the appellants to produce any evidence that the property seized was not stolen property as described in the warrants.

It is the opinion of this court that we lack jurisdiction to determine the issues raised by the appellants in this appeal.[1] We find that there is no right to a direct appeal from an order denying relief under the provisions of A.R.S. § 13–3922.

This court has a duty to inquire into its own jurisdiction, and pursuant to that duty, the parties to this appeal were instructed to file supplemental memoranda relative to the jurisdiction issue. The state conceded jurisdiction in its briefs but withdrew the concession at oral argument. While we condemn such ambivalence, we do not find such action to be dispositive of this cause. Parties cannot confer jurisdiction upon this court by concession or stipulation; this court has an independent duty to determine the extent of our jurisdiction. *State v. Boggs,* 103 Ariz. 328, 441 P.2d 778 (1968), *Ward v. Stevens,* 86 Ariz. 222, 344 P.2d 491 (1959).

To begin our analysis, we note that A.R.S. § 13–3922 was adopted from West's Annotated California Penal Code §§ 1539 and 1540. The interpretations placed upon statutes from the state of adoption are persuasive to the courts of Arizona. *State v. Jackson,* 117 Ariz. 120, 571 P.2d 266 (1977).

---

1. We would prefer to dispose of the issues on the merits since all parties are before us and the matter has been briefed and argued. However, we find, # 1, that such an approach would be inconsistent with a finding of no jurisdiction, and # 2, that the discretionary standard of review for a special action differs from the standard of review in a regular appeal. *See* 17A A.R.S. Special Actions, Rules of Proc., Rules 7 and 8.

While we have no Arizona cases on point, we find that the State of California has had extensive litigation in this field of the law.

In California, the only remedy available to review an adverse ruling under the contravention of warrant provisions (§§ 1539 and 1540) is by use of the extraordinary writ of mandamus or prohibition (special actions in Arizona). *Dunn v. Municipal Court,* 220 Cal.App.2d 858, 34 Cal.Rptr. 251 (1963); *Aday v. Superior Court,* 55 Cal.2d 789, 13 Cal.Rptr. 415, 362 P.2d 47 (1961). The purposes of California Penal Code sections 1539 and 1540 are most clearly enunciated in the case of *Williams v. Justice Court,* 230 Cal.App.2d 87, 98, 40 Cal.Rptr. 724, 732 (1964), wherein the court, speaking in a mandamus action, stated:

> Due process of law entitles the claimant of seized property to an early court hearing to determine whether the articles were subject to seizure. The determination may be had in advance of trial of the criminal action which ordinarily follows the seizure. The purpose of Penal Code sections 1539 and 1540 is to provide the owner of seized property with a readily accessible court to pass on lawfulness of the seizure. By offering the claimant an opportunity for challenge under sections 1539–1540 and review of an unfavorable decision *by prerogative writ,* the state satisfies the demands of due process. (emphasis added)

California has determined that there is no right to review from an adverse ruling under sections 1539 and 1540 except by special writ and that a court lacks jurisdiction to hear a direct appeal. *People v. Gershenhorn,* 225 Cal.App.2d 122, 37 Cal.Rptr. 176 (1964); *see also People v. Keener,* 55 Cal.2d 714, 12 Cal.Rptr. 859, 361 P.2d 587 (1961). In *Gershenhorn,* the court held that an order denying relief sought under the California Penal Code § 1540 was not an appealable order and that the proper method of review was by a writ of mandate. In analyzing this issue, the *Gershenhorn* court stated:

> The right of appeal is statutory. Only such actions of the trial court may be reviewed on appeal as the Legislature has selected. (citations omitted). If the "separate proceeding" of a motion for return be regarded as a criminal proceeding, it is clear that an order of denial is not among any of the matters for which an appeal is provided by section 1237 of the Penal Code. Clearly the statutory motion under section 1540 is a criminal proceeding. Not only is it provided for in the Penal Code, but the motion is made in a court dealing, *in limine,* with a potential criminal prosecution. We see no reason why the non-statutory motion to return seized property herein involved, seeking the same objective and on the same constitutional basis should be treated, for the purpose of appeal, in any different manner. The appeal from that portion of the court's order denying the motion to return must be dismissed.

225 Cal.App.2d at 125–26, 37 Cal.Rptr. at 178. We believe the reasoning of the California courts on this issue to be sound and we adopt such reasoning.[2]

The proceedings here dealing with the return of the seized property under the provisions of the Arizona Criminal Code, 5A A.R.S., § 13–3922, are also concerned with an adverse ruling entered in a potential criminal prosecution. We find that the motion for the return of the seized property under the provisions of § 13–3922 is a criminal proceeding under Arizona law and that there is no direct separate appeal from an adverse ruling except through a petition for relief by special action.

Under the provisions of A.R.S. § 13–4033, an appeal may be taken by the defendant only from:

1. A final judgment of conviction.
2. An order denying a motion for a new trial or denying a motion for an ar-

---

2. In 1967, California passed additional legislation, as codified in West's Annotated California Penal Code, Section 1538.5, which provides for additional, specific procedures under which a person may appeal from an adverse ruling in a seizure of property hearing. Similar legislation has not been enacted in Arizona.

rest of judgment, or from an order made after judgment affecting the substantial rights of the party.

3. A sentence on the grounds that it is illegal or excessive.

The denial of a motion for the return of seized property under the provisions of A.R.S. § 13–3922 does not qualify under any of the above provisions that would authorize the right to a direct appeal.

To limit appellate review from an adverse ruling under § 13–3922 to the review by special action is also sound public policy. If this court were to entertain appeals each time a defendant or third party attempted to controvert a search warrant, criminal matters could be tied up in a lengthy parallel civil appellate process. If such an appeal were to be treated as a regular civil appeal, the final determination of the ownership and contraband issues could be delayed for a period of years in the civil appellate process. The review of an adverse ruling by special action provides the only vehicle for a speedy appellate determination.

Finding no jurisdiction, we must dismiss this appeal.

CORCORAN and FROEB, JJ., concur.