694 P.2d 1223

**STATE of Arizona, Appellant,**

v.

**Douglas John EICHORN, Appellee.**

No. 1 CA–CR 7391.

Court of Appeals of Arizona, Division 1, Department C.

Dec. 11, 1984.

Review Denied February 13, 1985.

Thomas E. Collins, Maricopa County Atty. by Joel M. Glynn, Deputy County Atty., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellee.

EUBANK, Judge.

This appeal by the State questions whether the affidavit supporting a nighttime search warrant provided sufficient "good cause" allegations.

Appellee, Douglas Eichorn, was charged with aggravated assault, a class 3 dangerous felony; possession of narcotic and dangerous drugs, both class 4 felonies; and possession of marijuana, a class 6 felony. Appellee filed a motion to suppress the evidence seized as a result of the police obtaining a nighttime search warrant and the subsequent search of appellee's apartment. Appellee's motion was based both on a lack of probable cause and insufficient "good cause" to justify a nighttime search. See A.R.S. § 13–3917. The trial court denied the motion as based on lack of probable cause. However, as to the second ground, the court stated:

2. Insofar as the motion is based upon A.R.S. § 13–3917, the motion is granted, based upon *People v. Watson,* 142 Cal. Rptr. 245, 75 Cal.App.3d 592 (1977). The California statute involved in *Watson* is identical, in substantive effect, to A.R.S. § 13–3917. Moreover, the California Court of Appeal, in *Watson,* indicated that the phrase "good cause" means that the affidavit upon which the magistrate issues the warrant must set forth specific facts which show a necessity for ser-

vice of the warrant at night, and that this means that the magistrate must be informed of facts from which it reasonably may be concluded that the contraband to be seized will not be in the place to be searched during daytime hours. 142 Cal.Rptr. at 248. Here, the record is devoid of facts constituting "good cause" for a nighttime execution of the warrant.

*State v. James,* 10 Ariz.App. 394 [459 P.2d 121] (1969) is clearly distinguishable, since it dealt with a statute that is considerably different from A.R.S. § 13–3917. The statute involved in *James* [former A.R.S. § 13–1447] only required the affidavit to be "positive" that the contraband was on the property to be searched during the night time, but did not require "good cause", which is required by A.R.S. § 13–3917, for the nighttime, as opposed to the daytime, search.

In light of the violation of A.R.S. § 13–3917, it would appear that the appropriate remedy is to suppress the evidence obtained. On this basis, the motion to suppress is granted.

Following the granting of the motion to suppress, the state moved to dismiss the cause without prejudice. *See State v. Million,* 120 Ariz. 10, 583 P.2d 897 (1978). The court granted the motion. The state then timely appealed from the trial court's order suppressing the evidence and is the appellant here.

The underlying facts of this case are not in dispute. Based upon the tip of an informant, the Tempe Police began a surveillance of appellee and his brother. Based upon the surveillance, the police applied to Tempe City Judge Stephen Mirretti for a search warrant for the residence of the brothers and their two cars. The application for the warrant also requested that the warrant specify that it might be served between 10:00 p.m. and 6:30 a.m. The judge issued the warrant as requested in the early morning of July 26, 1982. At 1:50 a.m. on July 26, 1982, the police entered the brothers' residence. After entering, appellee aimed a loaded gun at one of the officers, but he thereafter peacefully surrendered. The police arrested the brothers, and their search revealed various illegal drugs on the premises.

■ Appellant's argument on appeal is that the affidavits in support of the search warrant provided sufficient "good cause", pursuant to A.R.S. § 13–3917, to authorize a nighttime search of appellee's apartment. A.R.S. § 13–3917 provides:

Upon a showing of good cause therefor, the magistrate may, in his discretion insert a direction in the warrant that it may be served at any time of the day or night. In the absence of such a direction, the warrant may be served only in the daytime. For the purposes of this section night is defined as the period from ten p.m. to six-thirty a.m.

If the general affidavit in support of the search warrant together with the separate sworn statement of good cause for a nighttime search reasonably support the inference that the interests of justice are best served by the authorization of a nighttime search, then service of a warrant in the nighttime is proper. *State v. Adamson,* 136 Ariz. 250, 665 P.2d 972 (1983). *See generally, Annot.,* 26 A.L.R.3d 951 (1969).

The state offered two affidavits which supported the issuance of the warrant allowing a nighttime search. The first is contained on the "informant's form" (filled out by an officer):

The information obtained by the informant was observed within the past seventy-two (72) hours. A surveillance conducted since the information was obtained has revealed suspected drug transactions by the listed persons [appellee and his brother] and is continuing.

The second affidavit accompanying the search warrant application reads as follows:

Affiant believes that the following information demonstrates good cause for permitting this warrant to be served between 10:00 P.M. and 6:30 A.M.:

A surveillance of the two (2) subjects listed [appellee and his brother] re-

vealed suspected drug transactions taking place in the parking lots of two (2) local bars, from the trunk of the Dodge Challenger, between 11:00 p.m. and 1:00 a.m.

The surveillance reveals, and your affiant's experience has shown, that drug transactions and use take place both day and night. In order to preserve evidence which might otherwise be sold or used, your affiant requests that a search warrant be issued for the nighttime hours.

The state argues that the two affidavits, read together, provide sufficient information to conclude that a nighttime search was authorized "due to the continuing nature of drug transactions." Appellee argues that "citizens who are suspected of possessing marijuana should not be subjected to nighttime searches, unless there exists a showing that said contraband will be disposed of during the hours of 10 p.m. to 6:30 a.m." Appellee further argues that the statements in the affidavit that the police surveillance revealed "suspected drug transactions" were insufficient because "good cause" cannot rest on mere suspicion.

■ As set out above, the trial court clearly stated its view that *People v. Watson,* 75 Cal.App.3d 592, 142 Cal.Rptr. 245 (1977) was determinative. Because A.R.S. § 13–3917 and its predecessor, A.R.S. § 13–1447, were taken from the Penal Code of California, it is certainly proper for Arizona courts to refer to California opinions interpreting its statute as persuasive. *State v. Jackson,* 117 Ariz. 120, 571 P.2d 266 (1977). We feel, however, that *Watson* is distinguishable from the facts in this case and was mistakenly applied by the trial court.

In *Watson,* the defendant was suspected of possessing and selling marijuana. The affidavit did not state whether a prior "controlled sale" by defendant was made during the day or at night. No other sales were referred to in the affidavits accompanying the search warrant application. The stated reason that the officer requested

night service was "that appellant did not get home until '6:00 or after' and that appellant was not always present at his house." 142 Cal.Rptr. at 246. The officer later testified that he had no information whatever that the marijuana observed previously in defendant's house would not be there the next morning.

In deciding the case, the *Watson* court had to grapple with a prior ruling by the California Supreme Court in *Solis v. Superior Court,* 63 Cal.2d 774, 48 Cal.Rptr. 169, 408 P.2d 945 (1966). In *Solis* the court rendered a very broad interpretation of the "good cause" required by the statute. The *Solis* court stated:

It is common knowledge, at least to those engaged in law enforcement, that heroin is the most dangerous of the illicit drugs; that heroin pushers are among the most dangerous of drug peddlers; and that heroin pushers are as active at night as during the day and probably more so.

*Accordingly, in view of the nature of the contraband, the affidavit shows good cause for issuance of a warrant that could be served during either the daytime or the nighttime....* (emphasis supplied).

48 Cal.Rptr. 169, 408 P.2d at 946. The *Watson* court was disturbed because it felt the above language from *Solis* vitiated the statute and "would authorize a night service in any narcotic case where there has been prior narcotic activity in the place to be searched." 142 Cal.Rptr. at 247. The *Watson* court, although recognizing limitations on its power as an intermediate court to "overrule" the state's supreme court, nevertheless, felt that, if presented with the same issue, the California Supreme Court would overrule *Solis.* The *Watson* court examined the post-*Solis* California opinions and concluded:

All of the reported decisions since *Solis* upholding a night service of search warrants have contained affidavits setting forth some facts justifying such service. For example, in *People v. Grant,* (1969) 1 Cal.App.3d 563, 81 Cal.Rptr. 812,

*People v. Aguilar,* (1966) 240 Cal.App.2d 502, 49 Cal.Rptr. 584, and *People v. Govea,* (1965) 235 Cal.App.2d 285, 45 Cal. Rptr. 253, *the affidavits allege prior narcotic sales at night, this implying that the contraband might not be there the next morning.* (emphasis supplied). 142 Cal.Rptr. at 248. The court therefore rejected *Solis* and found that insufficient facts had been stated to support a night service search warrant. The court remanded with instructions for the trial court to grant the motion to suppress.[1] Here, the affidavits clearly alleged two prior night sales and specifically state that the purpose of the nighttime search was to prevent the loss of the evidence by sale or use. As noted previously, there were no allegations of nighttime sales in *Watson.* While the one portion of the affidavits here refers to the propensity of drug dealers to sell at night, which would be insufficient under *Watson,* other allegations in the affidavits specify actual prior night sales. This clearly distinguishes the instant case from *Watson. See, e.g., People v. Grant,* 1 Cal. App.3d 563, 81 Cal.Rptr. 812 (1969).

■ Further, there is an Arizona opinion with very similar facts which supports the sufficiency of the affidavits here. In *State v. Jackson, supra,*[2] the affidavits stated that the defendants were in possession of marijuana and:

> are selling marijuana to persons in the Phoenix, Arizona area during all times of the day and night from the residence.... Due to the nature of the contraband, affiant feels that the contraband may become nonexistent through sale, transfer or consumption, as the described subjects ... are selling marijuana during all hours of the day and night. Therefore, to insure the seizure of the contraband and to minimize the hazards to the offi-

cers ... this warrant should be served at the most opportune time.

117 Ariz. at 121, 571 P.2d 266. The court examined California and federal precedents and concluded:

> In the instant case, the "reasonable cause" presented to the magistrate was that the appellant and the co-defendants were selling marijuana during all times of the day and night from the residence to be searched. We believe that the magistrate did not abuse his discretion in deciding that this was sufficient "reasonable cause" to justify a nighttime search.

117 Ariz. at 122, 571 P.2d 266. Whatever the import of *Watson* and the other California cases, we are bound to follow *Jackson.*[3] Whether prior decisions of the Arizona Supreme Court are to be disaffirmed is a question for that court. *Robles v. Severyn,* 19 Ariz.App. 61, 504 P.2d 1284 (1973).

The affidavits here were more specific than those in *Jackson* because they alleged two actually observed prior nighttime sales. Appellee's criticism of the use of the word "suspected" in describing the prior drug sales in the affidavit is of no import because the police could not have been sure that the suspected sales were actually drug sales unless they had actually arrested the defendants at the time of the suspected sales.

■ We have found no other Arizona opinions of particular relevance here. *State v. Adamson, supra,* involved a search warrant of the apartment of a person suspected of an egregious murder of a Phoenix, Arizona news reporter. The factors to be considered regarding the "good cause" for a nighttime search in a murder case of that type are much different than the ones to be considered in a case concerning possession and sale of marijuana. The only other case considering the statute

---

1. *Watson* has been adopted or distinguished by all subsequent California intermediate appellate decisions. *See e.g., People v. Cletcher,* 132 Cal. App.3d 878, 183 Cal.Rptr. 480 (1982); *Tuttle v. Superior Court,* 120 Cal.App.3d 320, 174 Cal. Rptr. 576 (1981).

2. *Jackson* interpreted A.R.S. § 13–1447 under the old Criminal Code, after it was amended to have identical wording to the present statute, A.R.S. § 13–3917. *See* footnote 1, *supra.*

3. Although *Jackson* does cite *Solis, supra,* it cites several other authorities in support of its conclusion.

with its present wording is *State v. Wilson,* 25 Ariz.App. 49, 540 P.2d 1268 (1975), where the court held the affidavit was insufficient. However, the *Wilson* opinion fails to quote the affidavit or pertinent facts and is therefore not helpful in evaluating this case. *Wilson,* however, does show that the appellate courts will not hesitate to reverse a trial court's ruling on the sufficiency of facts presented to the magistrate to justify a nighttime search. *See also, Commonwealth v. Baldwin,* 253 Pa. Super. 1, 384 A.2d 945 (1978).

■ As noted by the trial court, all cases interpreting the nighttime search statute as it existed before the amendment to the present wording of the statute are inapplicable because of the much different wording of the prior statute. Therefore, *State v. James,* 10 Ariz.App. 394, 459 P.2d 121 (1969), relied upon by appellee below, is of no relevance here.

■ In conclusion, the factors in favor of a nighttime search warrant were clearly adequate under the applicable statute and the cases pertinent thereto. The affidavits here, specifically citing two suspected prior night sales of narcotics, reasonably support an inference that the contraband might not be present on the subject premises the next morning. *See Watson, supra,* 142 Cal. Rptr. at 248, 75 Cal.App.3d 592. Therefore, the affidavits demonstrated good cause for a nighttime search and the trial court abused its discretion in granting the motion to suppress the evidence.

For the above reasons, the granting of the motion to suppress is reversed and the cause is remanded for further proceedings.

JACOBSON, C.J., and OGG, J., concur.