NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

BRADLEY AARON WISE, *Appellee*.

No. 1 CA-CR 20-0352
FILED 4-20-2021

Appeal from the Superior Court in Maricopa County
No. CR2015-002610-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Andrew Schlicksup, Kevin D. Heade
*Counsel for Appellee*

Maricopa County Attorney's Office, Phoenix
By Michael Minicozzi
*Counsel for Appellant*

Arizona Voice for Crime Victims, Phoenix
By Colleen Clase, Thomas E. Lordan
*Counsel for Amicus Curiae*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

---

**H O W E**, Judge:

¶1        The State of Arizona appeals the trial court's dismissal without prejudice of its indictment against Bradley Allen Wise for first-degree felony murder and child abuse. The State contends that the trial court erred in ruling that the juvenile court's factual finding that the Arizona Department of Child Safety had not proved in termination proceedings that Wise had intentionally abused his child precluded the State from relitigating that issue in his criminal trial. The State recognizes that the Arizona Supreme Court held in *Crosby-Garbotz v. Fell* that the doctrine of issue preclusion applies in criminal proceedings when a fact essential to a criminal verdict has been previously determined in juvenile proceedings. 246 Ariz. 54, 55 ¶ 1 (2019). It argues, however, that this case is distinguishable from *Crosby-Garbotz*, or if not, that this Court should disregard it as wrongly decided. Because we cannot distinguish this case from *Crosby-Garbotz* and have no authority to disregard binding Arizona Supreme Court decisions, we hold that the trial did not err in dismissing the indictment on issue preclusion grounds.

**FACTS AND PROCEDURAL HISTORY**

¶2        B.W. was born to Wise and Brittanee Cooper on January 28, 2013. On April 14, 2013, Cooper left two-month-old B.W. in Wise's care while she went to work. Wise fed the baby and put him in a rocker for a nap. Wise soon heard B.W. gasping for air and tried to help him breathe but was unsuccessful. Wise called 911, and paramedics quickly arrived. They were unable to revive B.W., however, and took him to the hospital, but doctors there were also unable to revive him.

¶3        The medical examiner conducted an autopsy, which revealed that B.W. had an acute subdural hematoma on the back of his head, other acute bleeding scattered across the surface of his brain, and mild brain swelling. B.W. also had acute bleeding around his eyes and retinas. The examiner determined that the cause of death was head trauma and believed that the trauma had been inflicted intentionally, although he could not rule

out accidental trauma. Wise and Cooper could not explain how B.W. could have suffered such injuries.

¶4          Seventeen months later, Wise and Cooper had a second child. While Cooper and her child were still in the hospital following the delivery, the Department took temporary custody of the child and filed a dependency petition claiming that Wise and Cooper were unable to parent due to neglect and inability to provide a safe home, based on B.W.'s death. During the dependency proceedings, the State indicted Wise on (1) first-degree felony murder under A.R.S. § 13–1105(A)(2) for causing B.W.'s death while committing intentional child abuse against him and (2) intentional child abuse of B.W. under A.R.S. § 13–3623(A)(1). While the criminal matter was pending, the Department moved to terminate Wise and Cooper's parental rights to their second child under A.R.S. § 8–533(B) based on Wise's alleged abuse of B.W. After hearing 22 days of evidence, the juvenile court found that the Department had not proved by clear and convincing evidence that Wise had abused B.W.

¶5          After the juvenile court's ruling, Wise moved to dismiss his criminal case under *Crosby-Garbotz*, arguing that because the juvenile court had found as fact that the Department had failed to prove that Wise had abused B.W. in the termination matter, the State was prohibited, under the doctrine of issue preclusion, from attempting to prove Wise had abused B.W. in the criminal matter. The State conceded that the traditional factors of issue preclusion identified in *Crosby-Garbotz* had been met but argued that the trial court must consider an additional factor of issue preclusion not addressed in that decision: "the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action." The State explained that unlike the dependency proceeding in *Crosby-Garbotz*, the termination proceeding in this case was closed to the public.

¶6          The trial court dismissed the indictment, but without prejudice. The trial court ruled that the juvenile court found that the Department had not proved that Wise engaged in "willful" child abuse, which precluded the State from relitigating that he intended or knowingly abused B.W., elements of first-degree murder and intentional child abuse. The trial court noted that the juvenile court's finding left open whether Wise may have committed reckless or negligent child abuse, so the State should have the opportunity to press those charges if it so chose. The State timely appealed.

**DISCUSSION**

¶7        The State argues that the trial court erred in dismissing the indictment against Wise based on issue preclusion under *Crosby-Garbotz* because this case is distinguishable from *Crosby-Garbotz*. We review the application of issue preclusion de novo. *Picaso v. Tucson Unified Sch. Dist.*, 217 Ariz. 178, 180 ¶ 6 (2007).

¶8        This case is factually and legally similar to *Crosby-Garbotz*. In that case, the Department had initiated a dependency action against the defendant for abusing his five-month-old baby. 246 Ariz. at 56 ¶¶ 2–3. During the dependency proceedings, the State indicted the defendant for child abuse. *Id.* at ¶ 4. After hearing multiple days of evidence, the juvenile court found that the Department had not proved that the defendant had abused his baby. *Id.* at ¶ 5. The defendant then moved in his criminal proceedings to dismiss the indictment because the State was precluded from relitigating the same issue. *Id.* at ¶ 6. The trial court denied the motion, and the defendant unsuccessfully sought special action review in this Court. *Id.* at ¶¶ 6–7.

¶9        On further review in the Arizona Supreme Court, a narrow majority agreed that the State was precluded from relitigating whether the defendant had abused his baby. *Id.* at 60 ¶ 26. The majority found that all the elements of the doctrine of issue preclusion were present in the case: the State had a full and fair opportunity to litigate the issue before the juvenile court, the parties actually litigated the issue, the issue was essential to the juvenile court's judgment, and the juvenile court's ruling was valid and final. *Id.* at ¶ 23.

¶10       The State here concedes that the elements of issue preclusion identified in *Crosby-Garbotz* are satisfied in this case, but it argues that this case is distinguishable from *Crosby-Garbotz* because that case involved a *dependency action*, which is presumed open to the public, while this case involves a *termination action*, which is closed to the public. The State maintains that the need to have public trials in criminal matters—which necessarily means that all factual determinations in criminal matters must be made in public trials—is so important that as a matter of policy, issue preclusion should not apply when the factual determinations are from termination proceedings in juvenile court.

¶11        The problem with the State's argument, however, is that the supreme court considered this argument, and the majority rejected it.[1] The dissent in *Crosby-Garbotz* stated that applying issue preclusion to these situations denies the public's right "to observe the criminal proceedings against" the defendant "and examine the record" because the juvenile court can close juvenile proceedings in its discretion and its records are closed to public inspection. 246 Ariz. at 62 ¶ 33 (Timmer, J., dissenting). This did not trouble the majority, ruling that the differences in law and procedure between juvenile and criminal proceedings did not—as a matter of policy— justify refraining from applying issue preclusion "in the dependency-to-criminal context." *Id.* at 58 ¶ 17. Thus, *Crosby-Garbotz* cannot be distinguished from this case.

¶12        Because *Crosby-Garbotz* cannot be distinguished, it controls this case. Applying *Crosby-Garbotz*, the State—as it concedes—had a full and fair opportunity to litigate before the juvenile court whether Wise abused B.W., the parties actually litigated the issue, the issue was essential to the juvenile court's termination decision, and the juvenile court's ruling on termination was valid and final. This requires holding that the trial court did not err in dismissing the indictment against Wise because the State is precluded from relitigating in the criminal proceedings whether Wise intentionally abused B.W.

¶13        The State—and Amicus Curiae Arizona Voice for Crime Victims—nevertheless argue that if this Court cannot distinguish this case from *Crosby-Garbotz*, this Court should decline to follow it because it is wrongly decided and contravenes public policy. They argue with much force and merit that applying the doctrine of issue preclusion to cases such as this nullifies the public's right to observe criminal proceedings and to have criminal matters determined by a jury—as the *Crosby-Garbotz* dissent recognized, 246 Ariz. at 62 ¶ 33 (Timmer, J., dissenting)—and diminishes the rights the Arizona Constitution provides to crime victims, *see* Ariz. Const. Art. 2, § 2.1. The State reiterates the *Crosby-Garbotz* dissent's argument that juvenile and criminal proceedings serve different purposes and that the juvenile court has no authority to resolve criminal matters. *See Crosby-Garbotz*, 246 Ariz. at 61–62 ¶¶ 30–33 (Timmer J., dissenting). The State further notes that *Crosby-Garbotz* is in the minority on whether issue preclusion flows from juvenile proceedings to criminal proceedings. *See Gregory v. Commonwealth*, 610 S.W.2d 598 (Ky. 1980); *People v. Roselle*, 602

---

[1]        For this reason, we need not resolve the parties' statutory interpretation dispute whether termination proceedings and records are open to the public.

N.Y.S.2d 50 (N.Y. App. Div. 1993); *People v. Gates*, 452 N.W.2d 627 (Mich. 1990); *State v. Nutbrown-Covey*, 169 A.3d 216 (Vt. 2017); *People v. Percifull*, 9 Cal.App.4th 1457 (Cal. App. 1992); *Criner v. State*, 138 So. 3d 557 (Fla. Dist. Ct. App. 2014); *People v. Moreno*, 744 N.E.2d 906 (Ill. App. 2001); *State v. Cleveland*, 794 P.2d 546 (Wash App. 1990).

**¶14**        These arguments certainly raise concerns whether *Crosby-Garbotz* was correctly decided and should be reconsidered. But as an intermediate court of appeals, we have no authority to disregard decisions of the Arizona Supreme Court. *State v. McPherson*, 228 Ariz. 557, ¶ 13 (App. 2012); *see also State v. Eichorn*, 143 Ariz. 609, 613 (App. 1984) (whether supreme court decisions should be disaffirmed is a question for the supreme court). Under *Crosby-Garbotz* as it stands today, the trial court did not err in dismissing the indictment against Wise.

## CONCLUSION

**¶15**        For the foregoing reasons, we affirm the trial courts dismissal of the indictment without prejudice.



AMY M. WOOD • Clerk of the Court
FILED:    AA

6