Filed 9/26/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

NICHOLAS ALLEN NASSETTA,

     Defendant and Appellant.

A144049

(Alameda County
Super. Ct. No. CH-56703)

Defendant Nicholas Allen Nassetta pleaded no contest to possession for sale of cocaine (Health & Saf. Code, § 11351) and driving under the influence (DUI) with a prior DUI conviction (Veh. Code, § 23152, subd. (e)), and was placed on formal probation for five years. Among the terms and conditions of probation, the court imposed a curfew from 10:00 p.m. to 6:00 a.m.

Nassetta contends the curfew condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and unconstitutional. We agree the curfew condition is invalid under *Lent*, and modify the probation order to strike it.

**FACTUAL AND PROCEDURAL HISTORY**

Around 2:15 a.m. on March 18, 2014, California Highway Patrol Officers observed a Nissan pickup truck straddling two lanes of northbound I-880 for an extended period before moving to a single lane.[1] The officers had the truck pull over. Nassetta was the driver and sole occupant of the truck. One of the officers noticed Nassetta was

---

[1] Because Nassetta entered a plea, and his attorney stated the arresting officer's declaration of probable cause provided a factual basis for the plea, this recitation of the facts of the offenses is based on the officer's declaration and the probation officer's report.

1

perspiring significantly, and his face paled during the traffic stop. The officer saw a syringe sticking out of a duffel bag on the back seat of the truck. Nassetta was asked to get out of his truck, and the officer checked his arms. Nassetta's wrists were swollen and each wrist had fresh puncture marks associated with intravenous drug use. He told the officer he had used heroin in the previous two hours. Nassetta was placed under arrest, and his truck was searched. In Nassetta's truck, an officer found multiple containers with white powdery substances, crystalline substances, and waxy substances—which Nassetta identified as cocaine, methamphetamine, and hash wax respectively—and paraphernalia for drug use, a scale, about 300 small plastic bags, and a notebook containing names and amounts owed or paid. A 9mm semiautomatic firearm in a locked container was also recovered from the truck.

The Alameda County District Attorney filed a 14-count criminal complaint against Nassetta alleging various drug, firearm, and driving offenses. In October 2014, pursuant to a negotiated plea agreement, Nassetta entered a plea of no contest to two of the charges, felony possession for sale of cocaine (count 3; Health & Saf. Code, § 11351) and misdemeanor DUI with a prior DUI conviction (count 12; Veh. Code, § 23152, subd. (e)), in exchange for dismissal of the remaining counts and with the understanding that he would be placed on probation for five years.

At the sentencing hearing on November 20, 2014, the trial court suspended imposition of sentence and granted Nassetta formal probation for five years. Nassetta was ordered to serve 36 days in jail, but was awarded 36 days of presentence credits.

The probation officer's report recommended 18 terms and conditions of probation. Number 16 was "Abide by curfew limits as set by the court or the Probation Department (10:00 p.m. to 6:00 a.m.)." Nassetta's attorney objected to number 16, the curfew limit. He argued it was not part of the plea bargain, and it was "a substantial burden upon an adult" unrelated to future criminality. He asserted that courts had allowed curfews "in young adults and gang cases," but that in unpublished decisions, courts had reversed curfew limits for adults. He argued, "[D]rug dealing and drug possession is a 24/7

2

operation.  I don't think that there's any cause to believe that it happens more frequently between the hours of 10:00 to 6:00 as opposed to other hours."

The trial court observed that in its experience, "about two-thirds of [DUI cases] happen in the middle of the night, and I see very few during daytime hours, and for that reason, it seems curfew is very closely related to the behavior in this case and the future criminality."  The court further stated that, in light of Nassetta's "significant substance abuse problems, both with narcotics and with alcohol, curfew seems like a really reasonable and sensible idea."  The trial court imposed the curfew condition by marking a box on a preprinted probation form next to the condition, "Abide by curfew limits set by Probation or the Court (10:00 p.m. to 6:00 a.m.)."

## DISCUSSION

Nassetta contends the curfew condition is unreasonable under *Lent*, *supra*, 15 Cal.3d 481.  We agree.

When granting probation, a trial court may impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer."  (Pen. Code, § 1203.1, subd. (j).)  Penal Code section 1203.1 grants trial courts broad discretion, and "[a]s with any exercise of discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances."  (*People v. Jungers* (2005) 127 Cal.App.4th 698, 702.)

In *Lent*, our Supreme Court set forth the criteria for assessing the validity of a condition of probation: upon review, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality[.]' " (*Lent*, *supra*, 15 Cal.3d at p. 486.)  "Conversely, a condition of probation which requires or forbids conduct which is

3

not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Ibid.*)

The *Lent* "test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) We therefore consider the curfew condition with respect to each prong. Does the condition relate to the criminal offense at issue? Does the condition relate to conduct that is itself criminal? Is the condition reasonably related to preventing future criminality? (*Id.* at p. 380.) If the answer to any of these questions is "yes," the condition is valid under *Lent*; if the answer to all of them is "no," it is invalid. In this case, we conclude the answer to all the questions is "no."

First, the curfew condition bears no relationship to the offenses Nassetta was convicted of. Neither possession of cocaine for sale nor driving under the influence requires the offense be committed at night. The mere fact that Nassetta was pulled over at night does not demonstrate a relationship between the curfew condition and the offenses he committed, and the Attorney General does not argue otherwise. Second, it is undisputed that it is not a crime for an adult to be outside between 10:00 p.m. and 6:00 a.m.

Having concluded the answer to the first two questions is "no," we consider the third question, whether the curfew condition is reasonably related to preventing future criminality. Nassetta argues it is not, and the trial court's reasoning was inadequate: "The court's anecdotal apportionment of DUI offense times cannot be a substitute for qualitative data or probabilities. If that evidence bore legitimate weight in the court's analysis, then the court should have looked closely at holidays, sporting events, or concerts as evidence of a greater chance of DUI offenses at a given time. Merely noting, without factual or statistical predicate, that DUI's occur at night, is an insufficient basis for asserting deterrence." We agree with Nassetta that there is no basis on this record to conclude a curfew is reasonably related to preventing him from driving under the influence. He could be out at night as a pedestrian, a passenger in a car, or on public transportation and pose no risk of committing a DUI. Nothing in the record suggests

4

Nassetta is more likely to use drugs at night or is more likely to drive while under the influence at night.

The Attorney General responds that the curfew condition is related to preventing drug-related crimes in general because "drug crimes are more likely to occur under the cover of darkness." She relies for this proposition on *Solis v. Superior Court* (1966) 63 Cal.2d 774 (*Solis*), but the case is nothing like our case. In *Solis*, the California Supreme Court addressed the question whether there was good cause for a provision in a search warrant that the search could be made " 'at any time of the day or night' " of a home where drug sales were allegedly occurring. (*Id.* at p. 775–776.) In reaching its conclusion that there was good cause to permit a nighttime search, the court observed, "It is common knowledge, at least to those engaged in law enforcement, that heroin is the most dangerous of the illicit drugs; that heroin pushers are among the most dangerous of drug peddlers; and that heroin pushers are as active at night as during the day and probably more so." (*Id.* at p. 776.) The observation that law enforcement in 1966 commonly knew "heroin pushers" were active during the day and "probably more so" at night sufficient to justify the particular nighttime search warrant at issue in *Solis* is hardly support for the Attorney General's broad assertion here that "drug crimes are more likely to occur under the cover of darkness."[2] Certainly, *Solis* does not suggest the curfew

---

**2** By 1977, a Court of Appeal suggested, "[I]f *Solis* were before that court today, it would be decided differently." (*People v. Watson* (1977) 75 Cal.App.3d 592, 596 (*Watson*).) This is because in 1967, the California Supreme Court held, "a *specific showing* must always be made to justify any kind of police action tending to disturb the security of the people in their homes," and the generic type of crime or evidence involved is insufficient. (*People v. Gastelo* (1967) 67 Cal.2d 586, 588, italics added.) Relying on *Gastelo*, the *Watson* court held a nighttime search could not be justified "based solely on the nature of the contraband to be seized or the type of crime involved." (*Watson*, at p. 597.) Subsequently, in *Tuttle v. Superior Court* (1981) 120 Cal.App.3d 320, 328, the appellate court concluded that an affidavit stating " 'drug distributors often utilize the cover of darkness to conceal their transportation and handling of contraband' " was too general to establish good cause for a night search. (See also *People v. Flores* (1979) 100 Cal.App.3d 221, 234 ["it is true that the mere assertion of suspected unlawful drug activities in the place to be searched is insufficient to justify night service"]; Pen. Code, § 1533 [a search warrant is to be "served only between the hours of 7 a.m. and 10 p.m.,"

condition in this case is reasonably related to preventing Nassetta from committing drug-related crimes.

As the parties note, there is no California case law addressing whether a curfew is a valid probation condition under *Lent* for an adult convicted of drug and driving-related offenses. The Attorney General cites out-of-state cases that approve curfew conditions for adults on probation. We find these cases unpersuasive.

In *State v. Donovan* (Ariz.Ct.App. 1977) 116 Ariz. 209 [568 P.2d 1107] (*Donovan*), the defendant was convicted in a court trial of possession of marijuana for sale and possession of a narcotic drug. (*Id*. at p. 210.) He was placed on probation, with conditions requiring him "to (1) live with his parents; (2) not be out after 10:00 p.m. for a period of eight months; (3) continue his education and seek employment and (4) not associate with [a former codefendant]." (*Id*. at p. 211.) The Arizona appellate court rejected the defendant's argument that these conditions "were not related to the offense which he committed." (*Ibid*.) The court's entire discussion of the curfew condition is as follows: "We believe that the first three conditions contribute to both appellant's rehabilitation and the protection of the public. They provide for a modicum of supervision over appellant's activities and are intended both to prevent future criminal activity and to facilitate appellant's entry into a law-abiding society." (*Id*. at p. 212.)

Although the age of the defendant in *Donovan* is not mentioned, the requirements that he live with his parents and continue his education suggest that he was young, likely still a teenager.[3] But, here, Nassetta was 28 years old when he was placed on probation,

---

except that "[u]pon a showing of good cause," the magistrate has discretion to allow service "at any time of the day or night"].)

[3] There is no question that in California a curfew condition is permissible for a *minor* on probation. (Welf. & Inst. Code, § 729.2, subd. (c); *In re Jason J.* (1991) 233 Cal.App.3d 710, 719, disapproved on another point in *People v. Welch* (1993) 5 Cal.4th 228.) But "[d]eprivation of a minor's liberty does not necessarily amount to confinement in the same way that it may for an adult." (*In re Walter P*. (2009) 170 Cal.App.4th 95, 101–102 [home supervision probation condition for minor that was more restrictive than a 10:00 p.m. to 6:00 a.m. curfew was "in line with the [juvenile] court's mission to rehabilitate the minor and strengthen family ties"].) So, for example, "[l]oitering and

and he was not ordered to live with his parents or continue his education. Thus, the facts of *Donovan* are distinguishable. Further, putting aside the defendant's apparent youth in *Donovan*, the case is unpersuasive because the court provided no analysis explaining how a curfew would "prevent future criminal activity." (*Donovan*, *supra*, 116 Ariz. at p. 212.)

*State v. Sprague* (1981) 52 Or.App. 1063 [629 P.2d 1326] (*Sprague*) involved a 20-year-old woman who was convicted after jury trial of misdemeanor harassment for striking a police officer who had arrested her companion. She was placed on probation with a 10:00 p.m. curfew. (*Id*. at p. 1065.) The defendant was unemployed and had an 11-month-old child. The trial court "believed that the people [the] defendant was associating with were a bad influence and that [she] would be wise to disassociate herself from them." (*Ibid*.) The court noted that " 'everybody that testified in her behalf had a tattoo [which was] the same tattoo she had, obviously a member of some sort of group.' " (*Id*. at p. 1066.) The Oregon appellate court affirmed the curfew condition, explaining: "[W]e view the condition as being reasonably related to the needs of an effective probation. [Citation.] The trial judge saw this defendant as a young person who had formed unfortunate associations. Those associations, in the late evening hours, had led her into trouble. Clearly, there are a variety of alternatives available to the judge in terms of restructuring the defendant's life to eliminate the potential for trouble. [Citation.] The judge chose, on balance, a less restrictive alternative than he might have, e.g., jail." (*Ibid*.)

There was a dissent in *Sprague*. (*Sprague*, *supra*, 52 Or.App. at p. 1067 (dis. opn. of Roberts, J.).) The dissenting judge reasoned: "The offense for which defendant was arrested was totally unrelated to her care of the child, which would, of course, more likely be required in the daytime than after 10:00 p. m. The court indicated it did not even

---

vagrancy ordinances purporting to regulate the nocturnal activities of all persons have been frequently struck down by the courts as an unreasonable interference with the activities of the citizenry," but a Sacramento curfew ordinance for minors has withstood constitutional challenge. (*In re Nancy C*. (1972) 28 Cal.App.3d 747, 757–758 ["It is well settled . . . that juveniles may be reasonably classified differently from adults . . ."].)

know whether the child was living with defendant. While the altercation and defendant's subsequent arrest apparently occurred after 10:00 p. m., the underlying event, a stop for driving while suspended, might occur at any time of day. There was no integral relationship between the offense and the hours during which defendant was barred from the streets. The curfew was thus not, in my mind, in any way related to defendant's offense. Second, the condition was not related to 'public safety.' There is no showing that defendant was, or was likely to be, any more a threat to the public after 10:00 p. m. than at any other hour of the day. [¶] Lastly, the curfew was unrelated to defendant's likelihood of rehabilitation. While obviously disapproving of defendant's friends, the court did not forbid defendant from associating with them before 10:00 p. m., or in her own home or otherwise indoors after that hour." (*Id*. at pp. 1068–1069.) We believe the dissent has the better argument, and decline to follow *Sprague*.

Finally, in *Kominsky v. State* (Fla.Dist.Ct.App. 1976) 330 So.2d 800 (*Kominsky*), a jury found the defendant guilty of possession of marijuana, and the trial court placed him on probation and appointed his parents his "probation advisors." (*Id*. at p. 801.) The court imposed probation conditions restricting the defendant from driving more than 35 miles per hour, and subjecting him to a curfew of 8:00 p.m. to 6:00 a.m. (*Ibid*.) With respect to the curfew, the Florida appellate court modified it to run from 11:00 p.m. until 6:00 a.m. (*Id*. at p. 802.) The appellate court did not, however, explain why any curfew was appropriate. We decline to follow *Kominsky* because the court offered no reasoning to support its conclusion.

Having rejected the out-of-state authority, we conclude the curfew condition here is not reasonably related to preventing future criminality. Since the curfew condition is not related to Nassetta's criminal offenses and it does not relate to conduct that is itself criminal, the curfew condition is invalid under *Lent*. Accordingly, we will strike the curfew condition imposed by the trial court. Because the condition is invalid under *Lent*, we do not reach Nassetta's constitutional argument.

8

**DISPOSITION**

The probation order is modified to strike the condition, "Abide by curfew limits set by Probation or the Court (10:00 p.m. to 6:00 a.m.)."  In all other respects the judgment is affirmed.

_____

Miller, J.

We concur:

_____

Kline, P.J.

_____

Richman, J.

A144049, *People v. Nassetta*

10

Trial Court:  Superior Court of Alameda County


Trial Judge:  Hon. Morris Jacobson


Attorney for Defendant and Appellant       Sejal H. Patel
                                             By Appointment of the Court of Appeal


Attorneys for Plaintiff and Respondent

                                           Kamala D. Harris
                                           Attorney General
                                           Gerald A. Engler
                                         Chief Assistant Attorney General
                                         Jeffrey M. Laurence
                                         Senior Assistant Attorney General
                                         Seth K. Schalit
                                         Supervising Deputy Attorney General
                                         John H. Deist
                                         Deputy Attorney General


A144049, *People v. Nassetta*