Filed 1/11/21

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D076621 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE391532) |
| LARRY BRAND, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge. Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.


A jury convicted Larry Brand of one count of possessing metal knuckles (Pen. Code, § 21810), one count of misdemeanor possession of heroin (Health & Saf. Code, § 11350), and one count of misdemeanor possession of

methamphetamine (*id.*, § 11377). The trial court imposed a split sentence of two years in local custody, and one year of mandatory supervision.

Brand challenges three of the conditions of mandatory supervision ordered by the trial court: (1) the condition requiring that he submit to a search of his computers, recordable media, and cell phones; (2) the condition that he report his contacts with law enforcement; and (3) the condition requiring him to comply with a curfew if directed by his probation officer.

We conclude that Brand's challenges lack merit, and we accordingly affirm the judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2019, in connection with a traffic stop, a police officer conducted a search of Brand and his vehicle. In several different locations on Brand's person and in the vehicle, the officer discovered, in total, approximately 77 grams of methamphetamine and 14 grams of heroin. Brand had almost $1,000 in cash in his pockets, and there was a digital scale in the vehicle, along with metal knuckles. Two cell phones were found in the vehicle. In the data that could be accessed, no evidence of narcotic sales was found on either of the phones.

Brand was charged with two counts of transportation of a controlled substance for sale (Health & Saf. Code, §§ 11379, subd. (a), 11352, subd. (a)), two counts of possession of a controlled substance for sale (*id.*, §§ 11378, 11351), and one count of possession of metal knuckles (Pen. Code, § 21810). It was also alleged that Brand incurred two prison priors. (Former Pen. Code, § 667.5, subd. (b).)

At trial, an expert called by the People opined that, based on the totality of the circumstances, Brand possessed the drugs for sale. An expert called by the defense, in contrast, opined that it was reasonable to conclude

2

that Brand possessed the drugs solely for his own consumption, instead of for sale.

The jury found Brand guilty of possessing metal knuckles, but for the drug-related charges, Brand was found guilty only of two lesser included misdemeanor offenses:  possession of methamphetamine and possession of heroin.  Brand admitted his two prison priors.

At a sentencing hearing held September 23, 2019, the trial court sentenced Brand to five years in local custody, with a split sentence allowing one year to be served on mandatory supervision.  The sentence included two one-year terms for the prison priors.  The trial court specifically imposed the conditions of mandatory supervision contained in the probation officer's report, which included each of the conditions at issue in this appeal.

After Senate Bill No. 136 was enacted, amending Penal Code section 667.5, subdivision (b), to limit one-year prior prison term enhancements to prior prison terms based on sexually violent offenses (Stats. 2019, ch. 590, § 1), the trial court recalled Brand's sentence.  At a December 6, 2019 hearing, the trial court dismissed the two prison priors, and it resentenced Brand.  The trial court imposed a sentence of three years in local custody, with a split sentence allowing one year to be served on mandatory supervision.  The trial court stated that it was reimposing the same sentencing orders and judgments as at the original sentencing hearing.  Defense counsel made no objection to any of the conditions of mandatory supervision.  The trial court subsequently issued a written order granting mandatory supervision, which included the same conditions as imposed at the original sentencing hearing.

3

II.

DISCUSSION

A.    *The Challenged Conditions of Supervision*

Brand challenges three of the conditions of mandatory supervision imposed by the trial court:  conditions 1.d, 1.j, and 1.m.  All three conditions are standard conditions that appear on the form used by the San Diego County Superior Court.

Condition 1.d states that Brand shall "[c]omply with a curfew if so directed by the [probation officer]" (the curfew condition).  Condition 1.j states that Brand shall "[p]rovide true name, address, and date of birth if contacted by law enforcement.  Report contact or arrest in writing to the [probation officer] within 7 days.  Include the date of contact/arrest, charges, if any, and the name of the law enforcement agency" (the report-contact condition).  Condition 1.m states that Brand shall "[s]ubmit person, vehicle, residence, property, personal effects, computers, and recordable media, [and] cell phone to search at any time with or without a warrant, and with or without reasonable cause, when required by [probation officer] or law enforcement officer."  With respect to this condition, Brand challenges only the provisions relating to his electronic devices, namely, "computers, and recordable media, [and] cell phone" (the electronics search condition).

B.    *Applicable Legal Standards*

When a defendant serves a period of mandatory supervision, "the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation."  (Pen. Code, § 1170, subd. (h)(5)(B).)  Courts generally have "broad discretion in fashioning terms of supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety."  (*People v. Martinez* (2014) 226 Cal.App.4th 759, 764

4

(*Martinez*).) A condition of mandatory supervision may be challenged on the same grounds as a condition of parole, which in turn, may be challenged based on the same standards as developed for challenging probation conditions. (*Id*. at pp. 763-764.)

A condition of mandatory supervision may be challenged on state-law grounds pursuant to the standards set forth in *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*). (*Martinez, supra*, 226 Cal.App.4th at p. 764.) Under *Lent*, a court abuses its discretion when it imposes a term or condition that " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, at p. 486.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a . . . term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) A trial court's application of the *Lent* test is reviewed for abuse of discretion. (*Ibid*.)

A condition of mandatory supervision may also be challenged on constitutional grounds, including principles prohibiting vagueness and overbreadth. "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K*).) When a condition of mandatory supervision is challenged on constitutional grounds, we apply a de novo standard of review. (*Martinez, supra*, 226 Cal.App.4th at p. 765.)

5

Challenges to conditions of mandatory supervision ordinarily must be raised in the trial court, and if they are not, appellate review of those conditions is forfeited. (See *People v. Welch* (1993) 5 Cal.4th 228, 234-235.) The one exception to this rule involves facial constitutional challenges. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889.) The forfeiture rule does not apply in such a case because a facial constitutional challenge " 'present[s] [a] "pure question[ ] of law that can be resolved without reference to the particular sentencing record developed in the trial court" ' " (*id.* at p. 889) and "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court." (*Id.* at p. 885.)

C.     *Brand Has Forfeited Challenges to Two of the Three Conditions of Mandatory Supervision*

As we have explained, defense counsel made no objection to any of the conditions of mandatory supervision. The challenges are accordingly forfeited unless they are facial constitutional challenges that do not require scrutiny of the individual facts and circumstances of Brand's case. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889.)

Apparently recognizing that his challenges may be subject to forfeiture, Brand does not assert any state-law challenge based on the requirements set forth in *Lent*. (*Lent*, *supra*, 15 Cal.3d at p. 486.) Instead, Brand argues that the three conditions of mandatory supervision he has identified are invalid on constitutional grounds. Brand further contends that he asserts *facial* constitutional challenges that are therefore not subject to the forfeiture rule. As we will explain, two of Brand's three challenges are not facial challenges, but instead depend on the specific facts of Brand's case. Accordingly, those two challenges are as-applied challenges, which are forfeited.

6

First, Brand challenges the curfew condition, arguing that it is constitutionally overbroad. However, Brand's overbreadth argument focuses on the specific facts of his case. Brand argues, "The incident occurred in broad daylight at 11:45 a.m. And, there is nothing in the record indicating appellant is more prone to commit crimes at night, or that a curfew is required to supervise him." Because Brand bases his constitutional challenge on the specific facts of his case, it is not a facial challenge. It is therefore forfeited because it was not raised in the trial court. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889.)

Second, Brand's constitutional challenge to the electronics search condition is also based on an overbreadth theory. Brand argues, "This is a simple no-tech drug and weapon possession case. . . . Appellant's crime has nothing to do with any use of computers; and, there is nothing in the record to suggest that there is a compelling state interest in being able to search appellant's computers or recordable media in order to supervise him for simple possession of drugs and having a pair of metal knuckles." As this argument establishes, Brand's challenge is not based on facial constitutional grounds, but instead depends on the facts of his case. The challenge is accordingly forfeited.

Brand's third challenge is to the report-contact condition. Specifically, Brand argues that the report-contact condition is vague and overbroad because "[a]s written, the terms include any unqualified and undefined contact with law enforcement, imposing an undue burden on him. It might reasonably be seen as including insignificant and completely lawful conduct that should not be the source of a violation, including consensual encounters." As the People concede, this challenge does not depend on the specific facts of Brand's case, and is accordingly a facial constitutional challenge that is not

7

forfeited by Brand's failure to raise it in the trial court.  (See *In re I.V.* (2017) 11 Cal.App.5th 249, 261 (*I.V.*) [when appellant argued that the word "property" in a search condition was unconstitutionally vague, the challenge was not subject to forfeiture because it could be addressed without examining the record].)

In light of Brand's forfeiture of his challenge to the curfew condition and the electronics search condition, we will limit our analysis to the merits of Brand's challenge to the report-contact condition.

D.    *The Report-Contact Condition Is Not Unconstitutionally Vague or Overbroad*

The report-contact condition states that Brand shall "[p]rovide true name, address, and date of birth if contacted by law enforcement.  Report contact or arrest in writing to the [probation officer] within 7 days.  Include the date of contact/arrest, charges, if any, and the name of the law enforcement agency."

According to Brand, this condition is unconstitutionally vague because it is not " 'sufficiently precise for the [defendant] to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  As Brand argues, the condition is not clear as to what type of contact with law enforcement he must report.  Brand points out that he "may have positive and neutral contacts with law enforcement as he goes about his daily life.  He could have friends and neighbors who are law enforcement personnel."  According to Brand, in light of these neutral types of law enforcement contact, "one is left guessing as to whether the term 'contacted' or 'contact' include[s] all types of contact or only certain types."

Brand also argues that if the condition is interpreted to cover any type of contact with law enforcement, it is also unconstitutionally overbroad

8

because it places an undue burden on him by requiring him to report law enforcement contact that is "innocent and inconsequential." He argues that the condition is unconstitutionally overbroad because, although it serves no purpose to require him to report innocent contact with law enforcement, he might forego his constitutional right to associate and to travel in an attempt to avoid the burden of reporting innocent law enforcement contact. In that case, the report-contact condition would violate the rule that "limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K., supra,* 40 Cal.4th at p. 890.)

Brand relies on *People v. Relkin* (2016) 6 Cal.App.5th 1188 (*Relkin*) in support of his argument. *Relkin* considered a condition of mandatory supervision that required the defendant "to 'report to the probation officer, no later than the next working day, any arrests or any contacts with or incidents involving any peace officer.' " (*Id.* at p. 1196.) The defendant argued that the phrases " 'contacts with' and 'incidents involving' peace officers are uncertain because one cannot determine whether those terms include occasional conversation[s] with a police officer who lives down the street, answering an officer's questions as a witness to a crime, or participation in a demonstration where officers are present." (*Id.* at pp. 1196–1197.) The defendant also contended that "the condition is vague because it is subject to the ' "whim of any police or probation officer," ' and unconstitutionally infringes on his rights under the First Amendment of the United States Constitution." (*Id.* at p. 1197.)

*Relkin* concluded that the condition was unconstitutionally vague and overbroad. As *Relkin* explained, "[T]he portion of the condition requiring that defendant report 'any contacts with . . . any peace officer' is vague and

9

overbroad and does indeed leave one to guess what sorts of events and interactions qualify as reportable. We disagree with the People's argument that the condition is clearly not triggered when defendant says 'hello' to a police officer or attends an event at which police officers are present, but would be triggered if defendant were interviewed as a witness to a crime or if his 'lifestyle were such that he is present when criminal activity occurs.' The language does not delineate between such occurrences and thus casts an excessively broad net over what would otherwise be activity not worthy of reporting." (*Relkin, supra*, 6 Cal.App.5th at p. 1197.)

In reviewing a condition of mandatory supervision to determine if it is vague or overbroad, we must assign " ' "the meaning that would appear to a reasonable, objective reader" ' " when presented with the condition. (*I.V.*, *supra*, 11 Cal.App.5th at p. 261.) Applying this standard, we do not find *Relkin* to be controlling because, as we will explain, the language of the report-contact condition in this case is different from the condition found to be vague and overbroad in *Relkin*.

The condition of mandatory supervision in *Relkin* required that the defendant " 'report to the probation officer, no later than the next working day, any arrests or *any* contacts with or incidents involving *any* peace officer.' " (*Relkin, supra*, 6 Cal.App.5th at p. 1196, italics added.) In contrast, the report-contact condition that applies to Brand is more specific. Unlike the single phrase in *Relkin*, the report-contact condition here consists of three sentences. It requires that Brand shall "[p]rovide true name, address, and date of birth if contacted by law enforcement. Report contact or arrest in writing to the [probation officer] within 7 days. Include the date of contact/arrest, charges, if any, and the name of the law enforcement agency."

Taking the first and second sentences together, a reasonably objective person would conclude that Brand is required to report only those contacts in which a law enforcement officer requests identifying information from Brand. This meaning arises because the requirement that Brand "[r]eport contact or arrest in writing to the [probation officer] within 7 days" directly follows the statement that Brand must "[p]rovide true name, address, and date of birth if contacted by law enforcement." When read together, these two sentences make clear to a reasonable reader that the law enforcement contact that Brand must report is any contact in which Brand is required to provide his name, address, and date of birth to law enforcement. Further, because the last sentence of the report-contact condition provides that Brand must "[i]nclude the date of contact/arrest, charges, if any, and the name of the law enforcement agency," a reasonable person would understand that Brand does not have to report contact with a law enforcement officer that is not meaningful enough for the officer to provide Brand with information about the relevant law enforcement agency.

In sum, the report-contact condition, when read in its entirety, would indicate to a reasonable person that Brand is not required to report casual, random interactions with law enforcement officers. Instead, the type of law enforcement contacts that must be reported are those in which Brand is questioned by law enforcement officers and is required to give identifying information, such as when he has been a witness to a crime or is suspected of possible involvement in a crime. Accordingly, we reject Brand's contention that the report-contact condition is unconstitutionally vague and overbroad.

E.   *Brand Has Not Met His Burden to Establish Ineffective Assistance of Counsel on Direct Appeal*

In the event we conclude some of his appellate challenges to the conditions of mandatory supervision are forfeited, Brand argues that defense

11

counsel was ineffective for failing to raise objections to the conditions in the trial court. Because we have concluded that Brand's challenges to the curfew condition and the electronics search condition have been forfeited, Brand's ineffective assistance of counsel argument applies to defense counsel's failure to object to those conditions.

A criminal defendant is constitutionally entitled to effective assistance of counsel. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; *Strickland v. Washington* (1984) 466 U.S. 668, 684-685; *People v. Doolin* (2009) 45 Cal.4th 390, 417.) To establish ineffective assistance, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).) An ineffective assistance of counsel claim fails if the defendant makes an insufficient showing on either one of these components. (*Strickland*, at p. 687.) "It is defendant's burden to demonstrate the inadequacy of trial counsel." (*People v. Lucas* (1995) 12 Cal.4th 415, 436.)

"It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Mai, supra*, 57 Cal.4th at p. 1009.)

In this case, defense counsel failed to object to the curfew condition and the electronics search condition. Brand contends that under *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), which was issued prior to both of Brand's sentencing hearings, a competent attorney would have argued that the electronics search condition should not be applied under the test set forth in *Lent, supra*, 15 Cal.3d at page 486, and that it was constitutionally overbroad.[1] Brand also contends that a competent attorney would have cited *People v. Nassetta* (2016) 3 Cal.App.5th 699 (*Nassetta*), to argue against application of the curfew condition.[2]

To prevail on his claim of ineffective assistance of counsel on direct appeal, Brand must show that defense counsel "had no rational tactical purpose for the challenged act or omission." (*Mai, supra*, 57 Cal.4th at p. 1009.) Brand does not meet this burden because the record reveals a sound tactical reason for defense counsel to have decided against objecting to any of the conditions of mandatory supervision. Specifically, at the December 6, 2019 sentencing hearing, the court stated that its tentative decision was to impose a split sentence of two years in custody and one year on mandatory supervision. Defense counsel advocated for a different split sentence, with

---

[1] In *Ricardo P.*, applying the *Lent* test, our Supreme Court held that an electronics search condition of probation was improperly applied to a juvenile who admitted two counts of felony burglary. (*Ricardo P., supra*, 7 Cal.5th at pp. 1116-1117, 1128-1129.) The Supreme Court concluded that under the specific facts presented, "the burden [the electronics search condition] imposes on [the juvenile's] privacy is substantially disproportionate to the countervailing interests of furthering his rehabilitation and protecting society." (*Id.* at p. 1119.)

[2] *Nassetta* held that a curfew from 10:00 p.m. to 6:00 a.m. was not a valid probation condition under *Lent* for the defendant's conviction of driving under the influence and possession of a controlled substance for sale at 2:15 a.m. (*Nassetta, supra*, 3 Cal.App.5th at pp. 701, 707.)

only one year in custody and two years on mandatory supervision. Defense counsel reasonably could have concluded that the court would be more likely to agree to the request if the court believed Brand would be subject to a robust set of mandatory supervision conditions. Defense counsel accordingly could have made a reasonable tactical decision to forego any challenge to the conditions of mandatory supervision in order to have a better chance of convincing the court to grant two years, rather than one year, of mandatory supervision.

Because defense counsel could have had a reasonable tactical basis for failing to object to the curfew condition and the electronics search condition, Brand has not succeeded in establishing that he received ineffective assistance of counsel.

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

McCONNELL, P. J.

GUERRERO, J.

14