Filed 6/18/24  P. v. Jones CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082064 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS324213) |
| RICKY CARLSON JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

Stephanie A. Lickel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

Ricky Carlson Jones pled guilty to one count of grand theft (Pen. Code, § 487, subd. (a); count 1) and was sentenced to two years of probation.  He contends several probation conditions the trial court imposed are invalid as

constitutionally overbroad.  We conclude Jones, in failing to identify and argue any specific constitutional rights these conditions infringe, waived any challenge to the conditions' constitutional overbreadth.  We further conclude the challenged conditions are valid because they are reasonably related to the state's legitimate interest in deterring future criminality, which interest outweighs any minimal burdens the conditions impose on Jones.  We thus affirm.

## I.

After stealing nearly 150 items of merchandise worth more than $28,000 from his employer, Jones was charged with grand theft and entered into a plea agreement.

Probation recommended imposing certain conditions, including two weapons conditions: (1) "Not knowingly possess a firearm, ammunition, or deadly weapon," and (2) "Do not knowingly own, transport, sell, or possess any weapon, firearm, replica firearm or weapon, ammunition, or any instrument used as a weapon."  Probation also recommended three drug conditions: (1) "Do not knowingly use or possess any controlled substance without a valid prescription and submit a valid sample for testing for the use of controlled substances/alcohol when required by the P.O., law enforcement officer, or treatment provider," (2) "Participate in a substance use level of care assessment within 7 business days if directed by" the P.O., and (3) "Enroll in & adhere to substance use treatment & recovery services, as clinically indicated if directed by" the P.O.

At the sentencing hearing, the trial court imposed the above conditions over defense counsel's objection that they had "zero connection to the offense."

## II.

A sentencing court has "broad discretion" in deciding whether to grant probation and under what conditions. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) It can impose any "reasonable conditions" that promote justice or "the reformation and rehabilitation of the probationer." (§ 1203.1, subd. (j).) The "primary goal" is public safety. (§ 1202.7.)

A probation condition is invalid only if "it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486 [cleaned up] (*Lent*).) "This test is conjunctive." (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) Prong three requires "a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition" and more than an abstract or hypothetical relationship. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1121, 1122, 1129.) "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

## A.

We first address the applicable standard of review. Appellate courts review challenges to probation conditions that restrict a constitutional right of the probationer de novo. (*People v. Arevalo* (2018) 19 Cal.App.5th 652, 656.) But "in the absence of a showing that the probation condition infringes upon a constitutional right . . . , this court simply reviews such a condition for abuse of discretion." (*Olguin, supra,* 45 Cal.4th at p. 384.)

3

Jones claims both the weapons and drug conditions are *constitutionally* overbroad. Yet, as the People note, Jones does not identify and argue any constitutional right to be free from drug screening or to use non-illicit drugs like alcohol and marijuana. Because Jones fails to identify and argue a viable constitutional right infringed by the drug conditions, he has waived his constitutional overbreadth claim as to those conditions. (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1128.)

As to the weapons conditions, while Jones' opening brief claims the portions prohibiting him from "knowingly possessing a firearm, ammunition, or deadly weapon" violate his "constitutional rights and [are] not narrowly drawn," it fails to invoke or argue any specific constitutional right infringed. For the first time in his reply brief, Jones argues that the portion of the weapons conditions prohibiting him from "knowingly owning, transporting, selling, or possessing any replica firearm or other instrument used as a weapon" is problematic, but he again fails to ground his claim in any constitutional right.

We requested supplemental briefing from the parties as to whether this court should address on the merits this portion of the weapons conditions, which Jones waived through his failure to identify and argue it in his opening brief, and what rights, if any, this prohibition implicated. Jones' letter brief alleges the prohibition against possessing any weapon or instrument used as a weapon violates his right to privacy under the California Constitution. But Jones fails to identify, and this court has not found, any legal authority holding that a prohibition against owning weapons violates any constitutional right to privacy.

Accordingly, we conclude Jones has waived his (1) claim of constitutional overbreadth as to the weapons conditions entirely, and

4

(2) challenge to the portion of the weapons conditions that prohibits possession of items other than firearms, ammunition, and deadly weapons.

We thus solely analyze both the nonwaived portions of the weapons conditions and the drug conditions under *Lent* to determine whether they are overbroad such that the trial court abused its discretion in imposing them.

B.

Jones contends the weapons conditions fail the three-prong *Lent* test. We conclude, as to the nonwaived portions of these conditions, that the trial court did not abuse its discretion in imposing them.

We accept the People's concession that Jones' nonviolent "theft-related crime" has "little to no relation" to weapons restrictions; thus, prong one is satisfied. As to prong two, the People claim "possessing a firearm, as a felon, is itself criminal." Jones does not dispute this. Instead, he posits that, "given [his] understanding that he could not possess [a firearm] after having pleaded guilty to a felony, there is simply no need for this additional condition on his probation." This statement is nonresponsive to whether the weapons conditions relate to conduct that is not itself criminal. Even assuming the conditions encompass some lawful conduct such that prong two is satisfied, prong three confirms the validity of this portion of the weapons conditions.

Jones' interest in owning firearms, ammunition, and deadly weapons is essentially nonexistent. As a convicted felon, Jones is prohibited by statute from possessing any firearms or ammunition. (Pen. Code, §§ 29800, subd. (a)(1), 30305, subd. (a)(1).) We thus agree with the People that *In re Martinez* (1978) 86 Cal.App.3d 577, 579 (*Martinez*) and *In re Jimi A.* (1989) 209 Cal.App.3d 482, 484-486 (*Jimi A.*), cases Jones cites involving weapons conditions in misdemeanor cases, do not assist him. Further, the Penal Code

5

broadly prohibits the possession of more than two dozen deadly weapons. (See §§ 16430, 16590.)  Accordingly, Jones' interest in possessing such weapons is minimal.

As to the relationship between the weapons conditions and Jones' future criminality, Jones claims there is none because, as the record demonstrates, he "has no criminal history that would suggest any type of violent past or future," analogizing to *Martinez* and distinguishing *Jimi A.* and *In re Frankie J.* (1988) 198 Cal.App.3d 1149.  The People contend the conditions "deter future criminality" as "a consistent and further reminder . . . that possessing a firearm in the future would be criminal."  They also argue that, as the trial court recognized and as our Supreme Court held in *Olguin*, a condition protecting the safety of a probation officer overseeing a probationer can be reasonably related to preventing future criminality.  (See *Olguin*, *supra*, 45 Cal.4th at p. 379.)

In *Olguin*, the Supreme Court affirmed as not overbroad a probation condition requiring the defendant to give advance notice of any pets in the residence.  (*Olguin*, *supra*, 45 Cal.4th at p. 379.)  The court reasoned that, even though pet ownership (1) had no connection to driving under the influence and (2) was legal, the condition was reasonably related to deterring future criminality.  (*Ibid.*)  The condition was valid, as a pet could threaten, distract, or prevent a probation officer in supervising the defendant.  (*Ibid.*)

We agree with the People and the trial court that the nonwaived portions of the weapons conditions here likewise reasonably relate to the state's legitimate interests in promoting Jones' rehabilitation and preventing future criminality by allowing probation to safely supervise Jones.  If Jones possessed a firearm or deadly weapon, or even a convincing replica of the same, a probation officer supervising Jones could be distracted, deterred, or

6

harmed. The cases on which Jones relies to argue otherwise predate the relevant holding in *Olguin*; thus, they are not persuasive. Moreover, we agree with the People that the state's legitimate interests outweigh any minimal burden on Jones. The conditions thus fail prong three and are valid. Accordingly, the trial court did not abuse its discretion in imposing the weapons conditions.

C.

Jones also contends the drug conditions are overbroad. According due deference to the trial court, we agree with the People that these conditions are valid. Specifically, we agree the drug conditions fail *Lent* prong three; we thus need not address prongs one and two.

Under the plea agreement, Jones agreed that the court could "consider [his] prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases." The probation report prepared in advance of Jones' sentencing indicated Jones began consuming both alcohol and marijuana at age 16 and that he used marijuana "daily" and alcohol on "special occasions." Although Jones denied use of any other controlled substances or any drug addiction, he admitted to being "addicted" to the theft underlying the offense to which he pled guilty. And at sentencing, the prosecutor disclosed (1) the reckless driving conviction noted in the probation report was "pled down from a drug DUI," and (2) Jones was arrested for possession of a controlled substance in 2016.

On these facts, it was not an abuse of discretion for the court to conclude that substance abuse testing, assessment, and, if indicated, treatment would reduce Jones' likelihood of future criminality. His personal history of criminal acts involving, or resulting from using, drugs, illicit or

7

otherwise, alone suggests testing for substance abuse issues and treatment, if indicated, was reasonably related to Jones' future criminality. (E.g., *People v. Smith* (2022) 79 Cal.App.5th 897.)

Jones' case is thus distinguishable from *People v. Burton* (1981) 117 Cal.App.3d 382, 389-390 (*Burton*), to which he analogizes, given that case (1) did not involve any personal history of the defendant establishing a potential to abuse substances and (2) imposed a *prohibition* on consuming alcohol, which is not so here. Similarly, *In re Bushman* (1970) 1 Cal.3d 767, 777 (*Bushman*) is not analogous, as there was no evidence there of any mental condition warranting psychiatric treatment. Jones' invocation of *People v. Nassetta* (2016) 3 Cal.App.5th 699, 704, fails for the same reason, as there the court struck down a curfew condition because there was no evidence to suggest the defendant, convicted of drug-related offenses, "is more likely to use drugs at night or is more likely to drive while under the influence at night." We also agree with the court in *People v. Balestra* (1999) 76 Cal.App.4th 57, 68, that *People v. Kiddoo* (1990) 225 Cal.App.3d 922 (*Kiddoo*), which Jones also invokes, is of limited persuasive value given its failure to acknowledge the relationship between drug and alcohol abuse. At any rate, *Kiddoo*, like *Burton* and *Bushman* and unlike this case, imposed an absolute prohibition on consuming alcohol and is therefore distinguishable. (*Id.* at pp. 927-928.) Here, it was not an abuse of discretion for the court to conclude that Jones' background and criminal history, which the trial court could reasonably construe as indicating substance abuse and addiction issues tied to his criminality, were related to his future criminality.

Meanwhile, the burden on Jones of submitting to testing and a substance abuse assessment is minimal. If, as Jones claims, he has no substance abuse issues, the burden ends there. Even should treatment be

8

warranted, the trial court did not authorize residential treatment, and a wide range of outpatient treatment options exists. We note Jones does not challenge other imposed probation conditions requiring him to submit to assessments, counseling programs, and "'self-help' meetings" "if directed by the P.O." Balancing the burden on Jones against the personal rehabilitative and public safety benefits of assessment and treatment for any substance abuse disorders that would minimize his future criminality, we conclude the drug conditions are valid under *Lent*'s prong three as reasonably related to Jones' future criminality. Thus, the trial court did not abuse its discretion in imposing them.

III.

We affirm.

CASTILLO, J.

WE CONCUR:


DO, Acting P. J.


RUBIN, J.

9